IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-63-FL

| | |
|---|---|
| JOSEPH A. SUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-22 & 25). The time for filing any responses or replies has expired, and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-25) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits and supplemental security income on February 27, 2009, alleging disability beginning April 1, 2006. (Tr. 11). His claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated September 15, 2010.

*Id.* at 11-19. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on February 24, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on April 19, 2012. (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2006. (Tr. 13). At

step two, the ALJ found that Plaintiff had the following severe impairments: 1) L5-S1 spondylosis; and 2) chronic knee pain. *Id.* at 13. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. *Id.* at 14. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional limitations including only occasional stooping and crouching, no climbing of ropes, ladders and scaffolds, no driving an automobile and alternating sitting and standing every 30 to 45 minutes.

> *Id.*

The ALJ then determined that Plaintiff was unable to perform his past relevant work. *Id.* at 17. However, based on the testimony of a vocational expert, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. *Id.* at 17-18. Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id.* at 18.

Plaintiff's assignments of error largely rely on the contention that the ALJ incorrectly weighed the evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, his claims are generally without merit.

However, Plaintiff raises one issue which requires remand. On August 6, 2010, the North Carolina Department of Health and Human Services ("NCDHHS") determined that Plaintiff was

4

eligible for Medicaid because he was disabled. *Id*. at 227. The standard used by NCDHHS to assess Plaintiff's disability was the same used by Defendant. *Id*. In addition, NCDHHS' opinion explained in detail why it found Plaintiff disabled. *Id*. at 227-229. This explanation made specific references to information contained in the medical record. *Id*. at 228.

Defendant concedes that the ALJ failed to specifically mention the NCDHHS decision. (DE-26, pg. 14-15). Plaintiff argues that this error merits remand.

Social Security Ruling 06-03p states:

> Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

SSR 06-03-p; 2006 WL 2329939, *6-7.

Defendant argues the ALJ's failure to discuss the NCDHHS was harmless error. "Errors are harmless in social security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error." *See*, Austin v. Astrue, 2007 WL 3070601, *6 (W.D.Va. Oct.18, 2007) (*citing* Camp v. Massanari, 22 Fed.Appx. 311 (4th Cir.2001)) (*citing* Newton v. Apfel, 209 F.3d 448, 458 (5th Cir.2000)). The undersigned has deemed a similar failure to discuss a NCDHHS opinion harmless. *See*, Batchelor v. Astrue, 5:11-CV-533-FL (DE-26). However, the instant matter is distinguishable.

For example, in Batchelor the ALJ stated, without specifically listing the NCDHHS decision, that he had "considered opinion evidence in accordance with the requirements of . . . 06-3p." Batchelor, (DE-26, pg. 10). The instant decision contains no such statement. More

5

importantly, in Batchelor, the NCDHHS determination did "not identify any medical or non-medical evidence supporting . . . [its] finding, nor [did it] otherwise provide any explanation supporting that finding." *Id*. Here, as previously noted, the NCDHHS opinion did explain its findings. This explanation was supported by reference to the medical record

"Unless the [Commissioner] explicitly indicates the weight given to all the relevant evidence, [a district court] cannot determine on review whether the findings are supported by substantial evidence." Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). *See also*, Harmon v. Apfel, 103 F.Supp.2d 869, 873 (D.S.C. July 5, 2000). As noted above, remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d at 390. Here, the August 6, 2010 NCDHHS determination was relevant and well-supported. In short, it is not "inconceivable that a different administrative conclusion would have been reached absent the error." Austin, 2007 WL 3070601, *6. Therefore, the undersigned finds that Plaintiff has met his burden of demonstrating that the ALJ's error was not harmless. The ALJ's failure to even mention the NCDHHS decision merits remand.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-25) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, January 25, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE